**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:06-CV-1447-M |
| | § | |
| PHILLIP GRACIA, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On May 20, 2001, two Fort Worth police officers arrested Defendant Phillip Gracia for driving while intoxicated. Although Gracia eventually pleaded guilty to a different charge—obstructing a highway—the record reflects that he was not ever issued a "citation." In 2005 and 2006, when answering questions in applications for personal umbrella liability policies with Plaintiff RLI Insurance Company ("RLI"), Gracia denied that he had "had a citation/conviction for driving under the influence of alcohol or drugs, reckless driving, careless driving . . . , or negligent driving." The Court is required to decide whether Gracia's response was a misrepresentation. Because Gracia was not issued a citation in connection with the 2001 incident, and because he was convicted, on a plea of guilty, only of obstructing a highway, the Court concludes that Gracia did not answer the questions on RLI's applications falsely. Gracia's Motion for Summary Judgment is therefore **GRANTED**, and his Motion to Dismiss is accordingly **DENIED AS MOOT**.

### FACTUAL BACKGROUND

On May 20, 2001, two Fort Worth police officers observed Gracia driving above the speed limit and weaving between lanes. The officers stopped Gracia and observed that he had

bloodshot eyes and smelled of alcohol. After Gracia failed field sobriety tests, the officers

arrested him. While in police custody, Gracia received two documents: a "Statutory Warning"

and a "Notice of Suspension." The Statutory Warning stated that Gracia had been arrested, and

explained the consequences of his refusal to provide a specimen of his breath and/or blood for

examination. The Notice of Suspension stated that Gracia's license to drive would be suspended

in forty days because of his refusal; however, RLI does not contend, and no evidence indicates,

that Gracia's license was in fact suspended.

On October 9, 2001, an assistant district attorney of Tarrant County issued a Complaint

and a Misdemeanor Information against Gracia. Both charged Gracia with driving while under

the influence of alcohol or a controlled substance, and the Misdemeanor Information additionally

charged him with obstructing a street or highway accessible by the public. On February 7, 2002,

Gracia pleaded guilty to obstructing a highway, in exchange for dismissal of the charges of

driving while under the influence of alcohol or a controlled substance. He also agreed to

complete an education program on driving while intoxicated and to comply with breath-test

requests.

In 2005 and 2006, Gracia applied for two personal umbrella liability policies from RLI by

submitting application forms that included a question as to whether Gracia "had a

citation/conviction for driving under the influence of alcohol or drugs, reckless driving, careless

driving . . . , or negligent driving." Gracia answered that question "no" on both applications, and

RLI later filed this suit to rescind the policies, claiming that Gracia's responses constituted

misrepresentations. Gracia now moves for summary judgment, arguing that his responses were

not misrepresentations.

# SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when the facts as reflected in the pleadings, affidavits, and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact.[1] "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case."[2] Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate.[3]

The nonmovant is then required to go beyond the pleadings and designate specific facts proving that a genuine issue of material fact exists.[4] That party may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts.[5] The court must review all evidence in the record, giving credence to evidence favoring the nonmovant as well as "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses," and disregarding evidence favorable to the movant that the jury would not be required to believe.[6] Further, "the court must draw all justifiable inferences in favor of the nonmovant."[7]

---

[1] *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986).

[2] *Lynch Props., Inc. v. Potomac Ins.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322–25).

[3] *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

[4] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[5] Fed. R. Civ. P. 56(e).

[6] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 152 (2000).

[7] *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005) (citing *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993)).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists."[8] "If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."[9] However, in the absence of proof, a court will not conclude that the nonmoving party could prove the required facts.[10] Further, the nonmoving party must do more than simply show some "metaphysical doubt as to the material facts."[11]

## ANALYSIS

In this suit, RLI seeks a declaratory judgment that two insurance policies purchased by Gracia are void because Gracia made material misrepresentations in the application forms upon which RLI relied in deciding to issue the two policies. "It is now settled law in this state that these five elements must be pled and proved before the insurer may avoid a policy because of the misrepresentation of the insured: (1) the making of the representation; (2) the falsity of the representation; (3) reliance thereon by the insurer; (4) the intent to deceive on the part of the insured in making same; and (5) the materiality of the representation."[12] Gracia moves for summary judgment, principally claiming that he made no misrepresentation, *i.e.*, that his answers were not false. Although Gracia also disputes whether RLI can seek to rescind the liability policies on the bases asserted, the Court analyzes only whether Gracia's answers were in fact

---

[8] *Lynch*, 140 F.3d at 625.

[9] *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991).

[10] *Lynch*, 140 F.3d at 625.

[11] *Matsushita*, 475 U.S. at 586.

[12] *Mayes v. Mass. Mut. Life Ins. Co.*, 608 S.W.2d 612, 616 (Tex. 1980).

false, as that issue is ultimately dispositive.

*A. The rules of contract interpretation apply*

The issues raised by Gracia's Motion require the Court to construe the meaning of RLI's liability policy applications. The rules of interpretation and construction of insurance policies apply equally to applications for insurance.[13] "Insurance policies are controlled by rules of interpretation and construction which are applicable to contracts generally."[14]

Under Texas law, the Court's primary obligation in construing a contract—and thus RLI's insurance application—is "to ascertain and give effect to the intent of the parties as that intent is expressed in the contract."[15] "To achieve this objective, courts should examine *the entire writing* in an effort to harmonize and give effect to *all the provisions* of the contract so that none will be rendered meaningless."[16] "[A] contract is ambiguous if, after applying established rules of interpretation, the written instrument 'remains reasonably susceptible to more than one meaning.'"[17] If, however, the instrument is "so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law."[18] "Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered."[19]

---

[13] *Rodriguez v. W.O.W. Life Ins. Soc'y*, 145 S.W.2d 1077, 1079–80 (Tex. 1941).

[14] *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus, Inc.*, 907 S.W.2d 517, 520 (Tex. 1995).

[15] *Seagull Energy E&P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex. 2006).

[16] *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983) (emphasis in original).

[17] *Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*, 88 F.3d 347, 352 (5th Cir. 1996) (quoting *R&P Enters. v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 519 (Tex. 1980)).

[18] *Coker*, 650 S.W.2d at 393.

[19] *Id.* at 394.

*B. The applications are unambiguous*

The questions at issue in the insurance applications ask whether Gracia "had a citation/conviction for driving under the influence of alcohol or drugs, reckless driving, careless driving . . . , or negligent driving." RLI claims that Gracia was issued a citation and that he was convicted of reckless driving. Because the language of the questions is unambiguous and because Gracia was neither issued a citation nor convicted of reckless driving, the Court finds no evidence supporting RLI's claim that Gracia made misrepresentations in his applications for insurance.

## 1. Gracia was not issued a citation

The first dispute between the parties focuses on whether Gracia's *arrest* for driving under the influence in 2001 was a "citation." Black's Law Dictionary defines a "citation" as either (1) a "court-issued writ that commands a person to appear at a certain time and place to do something demanded in the writ, or to show cause for not doing so," or (2) a "police-issued order to appear before a judge on a given date to defend against a stated charge, such as a traffic violation."[20] More commonly, a "citation" is "an official summons to appear."[21]

Gracia argues that the use of the word "citation" in the questions in the applications is clear and that he did not receive an order from a court or police officer to appear to answer for any charges listed in the applicable questions. The summary judgment evidence before the Court confirms that Gracia was never issued a summons nor an order to appear before a judge or court. RLI responds with several arguments, all of which the Court finds unpersuasive. First, RLI

---

[20] BLACK'S LAW DICTIONARY 236 (West Deluxe 7th ed. 1999).

[21] MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 209 (10th ed. 1995).

suggests that the Statutory Warning given by a police officer to Gracia following his arrest qualifies as a citation. The first paragraph of the Statutory Warning states that Gracia is "under arrest for an offense arising out of acts alleged to have been committed while you were operating a motor vehicle in a public place while intoxicated . . . . You will be asked to give a specimen of your breath and/or blood." The next six paragraphs of that document explain the consequences of Gracia's refusal to provide the requested specimen, and signatures of officers at the end of the document confirm that Gracia refused to provide a specimen. At no point does the Statutory Warning summon Gracia to appear in court or notify him that a court hearing will be set. In the Court's view, the Statutory Warning is not a citation. Next, RLI suggests that limiting the meaning of "citation" to its standard definition would render a portion of the applicable questions meaningless. In particular, RLI argues that citations are not issued when persons suspected of driving while intoxicated are arrested, because police officers do not allow intoxicated persons to continue driving. Therefore, RLI urges, the definition of "citation" proposed by Gracia reads "citation" out of the questions. Even ignoring the fact that RLI's argument requires the Court to speculate about police protocol without any evidence of the same, the Court rejects the argument. There are other offenses listed in the application questions, such as careless, reckless, and negligent driving, for which an officer might issue a citation and not arrest the suspect. Thus, reliance on the definition of "citation" would not render its use in the questions meaningless. Finally, RLI argues that "[t]he context of [the questions] unambiguously seeks information related to any charge or conviction for DWI." For this proposition, it appears that RLI seeks to replace the word "citation" with "charge," but that is an alteration in the language RLI used, without justification. The questions request no information relating to charges for driving

offenses, unless a citation or conviction resulted. Although RLI may have wanted to elicit all information it might have found useful regarding charged driving offenses, the clear language it used in its questions did not seek that information. Finding the questions' use of the word "citation" clear and unambiguous, the Court concludes that Gracia was not issued a citation during or for the 2001 incident.

## 2. Gracia was not convicted of reckless driving

The second dispute between the parties is whether Gracia was "*convicted*" of "reckless driving." Gracia notes that he was convicted, on a guilty plea, of obstructing a highway, not reckless driving, and that those offenses are clearly different. The Court agrees. The offense of "reckless driving" will invariably involve driving a vehicle; however, Gracia was convicted of obstructing a highway, and that offense does not even include as an element the use of a vehicle:

> A person commits an offense if, without legal privilege or authority, he intentionally, knowingly, or recklessly obstructs a highway, street, sidewalk, railway, waterway, elevator, aisle, hallway, entrance, or exit to which the public or a substantial group of the public has access, or any other place used for the passage of persons, vehicles, or conveyances, *regardless of the means of creating the obstruction . . . .*[22]

---

[22] TEX. PENAL CODE § 42.03(a)(1) (emphasis added). In full, the statute provides:
(a) A person commits an offense if, without legal privilege or authority, he intentionally, knowingly, or recklessly:
> (1) obstructs a highway, street, sidewalk, railway, waterway, elevator, aisle, hallway, entrance, or exit to which the public or a substantial group of the public has access, or any other place used for the passage of persons, vehicles, or conveyances, regardless of the means of creating the obstruction and whether the obstruction arises from his acts alone or from his acts and the acts of others; or
> (2) disobeys a reasonable request or order to move issued by a person the actor knows to be or is informed is a peace officer, a fireman, or a person with authority to control the use of the premises:
>> (A) to prevent obstruction of a highway or any of those areas mentioned in Subdivision (1); or
>> (B) to maintain public safety by dispersing those gathered in dangerous proximity to a fire, riot, or other hazard.
(b) For purposes of this section, "obstruct" means to render impassable or to render passage unreasonably inconvenient or hazardous.

To avoid this plain understanding of Gracia's conviction, RLI argues that "[b]ecause the definition of this penal offense includes 'reckless' obstruction, and because the probable cause facts fall within the 'reckless driving' definition . . . , Gracia's 'No' answer to [the questions] was false or, at the very least, raises a fact question." The Court disagrees. RLI's argument is an attempt to turn the question of whether Gracia was convicted of reckless driving into the question of whether Gracia was *charged* with reckless driving. To "convict" means to "find (a person) guilty of a criminal offense either upon a criminal trial, a plea of guilty, or a plea of nolo contendere."[23] Gracia was convicted only of obstructing a highway, and it is irrelevant to that conviction that he may or may not have been driving recklessly at the time. In short, Gracia simply was not convicted of reckless driving.

## CONCLUSION

For the reasons stated above, the Court concludes that the questions in the applications were unambiguous in their use of the words "citation" and "convicted," and that Gracia was not issued a citation nor convicted of reckless driving when he was arrested in 2001. Accordingly, RLI cannot prevail on any of its claims, all of which are premised on Gracia's alleged misrepresentations. Gracia's Motion for Summary Judgment is therefore **GRANTED**, and his Motion to Dismiss is **DENIED AS MOOT**.

**SO ORDERED**.

August 28, 2007.

*Barbara M.G. Lynn*

**BARBARA M.G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

---

(c) An offense under this section is a Class B misdemeanor.

[23] BLACK'S LAW DICTIONARY 335 (West Deluxe 7th ed. 1999).